IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Metaldyne Powertrain Components, Inc., | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 2:21-cv-3588-BHH |
| v. | ) ) **Opinion and Order** |
| Sansera Engineering Limited, | ) ) ) |
| Defendant. | ) ) ) |

Now before the Court is Plaintiff Metaldyne Powertrain Components, Inc.'s ("Plaintiff"") motion for reconsideration, clarification, and to suspend scheduling order dates[1] filed on September 25, 2024. (ECF No. 59.) Pursuant to Rule 54(b), Fed. R. Civ. P., Plaintiff seeks reconsideration and clarification of the Court's August 28, 2024, Opinion and Order granting in part and denying in part Defendant Sansera Engineering Limited's ("Defendant") motion for summary judgment. (ECF No. 54.)

**Reconsideration**

Pursuant to Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. . . may be revised at any time before the entry of a judgment . . . ." Fed. R. Civ. P. 54(b). "Compared to motions to reconsider final judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts

---

[1] The Court notes that it already denied Plaintiff's request to suspend scheduling order dates in its October 2, 2024, text order. *See* ECF No. 60.

or arguments come to light." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). The discretion afforded by Rule 54(b) "is not limitless," and the Fourth Circuit "ha[s] cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Carlson*, 856 F.3d at 325. "This is because, while Rule 54(b) gives a district court discretion to revisit earlier rulings in the same case, such discretion is subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks omitted)).

Accordingly, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson*, 856 F.3d at 325 (internal quotation marks and alteration omitted). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." *Id*. (internal quotation marks omitted).

Here, Plaintiff requests reconsideration "based on a fundamental misapprehension of the facts and arguments." (ECF No. 59 at 2-3.) According to Plaintiff, the Court misapprehended the facts and arguments and wrongly concluded that Plaintiff seeks indemnification for property damages. (*Id.*) Plaintiff further claims that it did not have an

2

opportunity to refute Defendant's argument that Plaintiff was seeking to be indemnified for property damages. (*Id.*)

The Court first notes that motions to reconsider "may not be used . . . to raise arguments . . . that could have been raised prior to the entry of judgment." *Melendez v. Sebelius*, 611 F. App'x 762, 764 (4th Cir. 2015) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). In any event, a review of the record reveals that Plaintiff **did** refute Defendants' argument. Indeed, Plaintiff argued to the Court that summary judgment should be denied because Section 9 of the contract did not apply to its indemnification claims, and it specifically asserted that "**no** bodily injury, death, or **property damage is at issue**." (ECF No. 48 at 15 (emphasis added).) The Court carefully reviewed the parties' arguments, disagreed with Plaintiff's position, and concluded that Section 9 was applicable to Plaintiff's indemnification claims. Notably, a Rule 54(b) motion "may not be used merely to reiterate arguments previously rejected by the court." *Sanders v. Lowe's Home Ctrs.*, LLC, 2016 WL 5920840, at *4 (D.S.C. Oct. 11, 2016) (citation omitted). *See also South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017) ("[A] motion to reconsider an interlocutory order should not be used to rehash arguments the court has already considered merely because the movant is displeased with the outcome."). Indeed, Plaintiff is asking the court "to rethink what the [c]ourt had already thought through—rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). The Court declines to do so. Accordingly, Plaintiff's motion for reconsideration is denied.

**Clarification**

Plaintiff also seeks clarification of the Court's prior Opinion and Order. Plaintiff states that it "requests clarification of the Court's Order regarding the scope of the remedies, including incidental and consequential damages, which remain available to it" under its remaining claims. (ECF No. 59 at 3.)

To recap, the Court found Section 9 of the contract applicable to Plaintiff's indemnification claims (fifth and sixth causes of action) against Defendant. After finding no genuine dispute of material fact as to Plaintiff's failure to satisfy the second requirement set forth in Section 9, the Court granted summary judgment in favor of Defendant on these two causes of action. (ECF No. 54 at 9-10.) The Court, however, declined to grant summary judgment in favor of Defendant on Plaintiff's remaining four causes of action alleged in the complaint, all of which seek actual and consequential damages. (ECF No. 1.) Given these allegations, the broadly worded remedies provision in Section 14 of the contract, and South Carolina law governing contract interpretation, the Court rejected Defendant's argument that Section 14 governs no aspect of this case. (*Id.* at 11-12.)

To further clarify, in so holding, the Court left open the possibility that, through discovery, Plaintiff may be able to prove that it is entitled to all forms of damages available under Section 14 pursuant to its claims for breach of contract, breach of express warranties, breach of implied warranty of merchantability, and/or breach of implied warranty of fitness for particular purpose. Thus, while the Court found Plaintiff was not entitled to reimbursement of the costs it paid to BMW under Section 9 through an indemnification claim (the fifth and sixth causes of action), the Court declined to foreclose

4

Plaintiff's ability to seek the damages it believes it remains entitled to under Section 14 through one or all of its remaining claims. As noted, Section 14 is a broad remedies provision, and South Carolina law dictates that all contract provisions be construed to give them meaning. *Mears Grp., Inc. v. Kiawah Island Util., Inc.*, 372 F. Supp. 3d 363, 373 (D.S.C. 2019).

For the foregoing reasons, the Court denies Plaintiff's motion for reconsideration and grants Plaintiff's motion for clarification, as set forth herein.

**IT IS SO ORDERED.**

                                         /s/ *Bruce Howe Hendricks*
                                         United States District Judge

October 25, 2024
Charleston, South Carolina